UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Collins<br>1000 Sunset St., Apt. B<br>Marcus Hook, PA 19061<br><br>    Plaintiff,<br><br>    v.<br><br>Borough of Trainer<br>d/b/a Trainer Borough Police Department<br>824 Main Street<br>Trainer, PA 19061<br><br>    And<br><br>Richard Jones, individually and in his<br>official capacity as Police Officer for the<br>Trainer Borough Police Department<br>824 Main Street<br>Trainer, PA 19061<br><br>    And<br><br>Francis Priscopo, individually and in his<br>official capacity as Chief of the Trainer<br>Borough Police Department<br>824 Main Street<br>Trainer, PA 19061<br><br>    And<br><br>Delaware County<br>d/b/a Office of the District Attorney,<br>Delaware County<br>201 West Front Street<br>Media, PA 19063<br><br>    And<br><br>Robert Lythgoe, Jr., individually and in his<br>Official capacity as Detective for the<br>Office of the District Attorney, Delaware<br>County | Civil Action No.:  13-7613<br><br>**FILED**<br>APR 14 2014<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| 201 West Front Street<br>Media, PA 19063 | :<br>:<br>: |
| And | :<br>: |
| John Does 1-10 | :<br>: |
| Defendants. | : |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I. Introduction

Plaintiff was arrested without probable cause nor reasonable suspicion-threatened with charges and imprisonment unless he became an informant for the Borough of Trainer Police Department. After Plaintiff refused, he was retaliated against by being criminally charged for drugs that were planted. His case was dismissed in the Delaware County Court of Common Pleas for lack of evidence. To wit, he was "actually innocent."

### II. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### III. Parties

3. Plaintiff, Lamar Collins, is an adult individual, currently residing at the above captioned address.

4. Defendant, Richard Jones, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe,

Trainer Borough Police Department, as well as in his official capacity as a Police Officer, acting under color of State law.

5. Defendant, Francis Priscopo, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe, Trainer Borough Police Department, as well as in his official capacity as Chief of Police, acting under color of State law. Francis Priscopo is the chief decision maker for the Trainer Borough Police Department.

6. Defendant, Borough of Trainer, is a municipality located within Defendant, Delaware County, upon information and belief, both doing business as Defendant, John Doe, Trainer Borough Police Department.

7. Defendant, Delaware County, is a municipality doing business as Defendant, John Doe, Office of the District Attorney, Delaware County.

8. Defendant, Robert Lythgoe, Jr., is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe, Office of the District Attorney, Delaware County, as well as in his official capacity as Detective, acting under color of State law.

9. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV. Operative Facts

10. On or about October 20, 2012, Plaintiff was driving to his local bank when he was pulled over around 4:30 p.m. near Ridge Road and 9th Street in Trainer, Pennsylvania by Defendant, Police Officer Richard Jones.

11. Without probable cause nor reasonable suspicion (i.e., Plaintiff had done nothing unlawful nor was Plaintiff believed to have been even perceived likewise by Defendant), Jones ordered Plaintiff out of the car and said that he suspected Plaintiff of dealing drugs – this was not true.

12. Jones handcuffed Plaintiff and told Plaintiff that he was being detained.

13. Next, Jones searched Plaintiff's car and found a sandwich bag filled with approximately $2,200. Plaintiff had planned to deposit some of this money at his bank and later meet his landlord and pay his outstanding rent.

14. Plaintiff was placed in the back of a patrol car.

15. Police Chief Francis Priscopo then arrived and said to Plaintiff, "We have something on you. We are going to tow your truck and take you to the station to process you." When Plaintiff asked what he had done wrong, Priscopo said, "Officer Jones will explain everything to you. Either you talk or you don't, and we do what we have to do to you."

16. Priscopo then left the scene while Plaintiff sat in the patrol car for approximately 25 more minutes while the other police officers, Defendants, John Does, talked and smoked cigarettes.

17. Afterwards, Jones entered the patrol car and repeatedly accused Plaintiff of selling drugs. Plaintiff adamantly denied doing anything wrong.

18. Then Jones said, "I don't think you understand what's going on. Whether you want it to be or not, I'm telling you I'm going to find something in your truck."

19. Next, Plaintiff was taken to the Trainer Borough Police Department where his handcuffs were removed. Jones took Plaintiff aside and said, "Now you got to be straight with me – I need something on somebody."

20. Jones and Plaintiff went back and forth for at least another hour wherein Jones told Plaintiff that Plaintiff needed to consent to a search of his vehicle if Plaintiff wanted his car back. Jones also said that he was going to keep Plaintiff's money if he found anything in the car.

21. Under duress, Plaintiff involuntarily consented to the search.

22. Plaintiff and Jones walked to the parking lot of the station when Jones pulled out Plaintiff's bag of money, and then walked over to Plaintiff's car and planted two (2) shopping bags that were not in the Plaintiff's vehicle originally. Jones said, "Here is residue of weed. This bag smells like weed." He showed Plaintiff small pieces of something that looked like a crumb. Jones added, "This is what drug dealers do – reuse bags."

23. Jones confiscated the approximately $2,200 that was in a bag wrapped up for deposit at Plaintiff's bank. Jones also confiscated the approximately $800 from Plaintiff's pocket. Jones bragged that it was a great deal of money, and said he would give it back if Plaintiff set somebody up. Jones also insisted that Plaintiff do it: "tonight."

24. Scared and wanting to go home, Plaintiff said he needed time and wanted until the next day to decide.

25. After several minutes, Jones gave Plaintiff his cell phone number and let Plaintiff go.

26. Approximately two (2) days later, Plaintiff called Jones and the two spoke for about 20 minutes. Plaintiff told Jones he did not want to be an informant; Jones lectured him as to why he <u>must</u> comply. Plaintiff recorded the conversation.

27. Plaintiff brought the recording to Defendant, John Doe, Office of the District Attorney, Delaware County, to file a harassment claim against Jones and Priscopo through Defendant, Detective Robert T. Lythgoe, Jr. In response, Lythgoe informed Plaintiff that the District Attorney would not do anything about Jones, but instead, in retaliation, would bring charges against Plaintiff for drug possession.

28. Likewise, on or about November 5, 2012, Plaintiff was charged with Use/Possession of Drug Paraphernalia and Intentional Possession of Controlled Substances by Persons Not Registered with the Drug Enforcement Administration.

29. On or about August 5, 2013, all charges were dismissed in the Delaware County Court of Common Pleas by the Honorable Judge Kevin F. Kelly; a refund of the money seized as the result of Plaintiff's arrest (in the amount of $1,944.10) was ordered.

30. Plaintiff was and is "actually innocent."

31. Upon information and belief, Jones and Priscopo arrested and/or coordinated by mutual agreement the stop, search, seizure and arrest of Plaintiff, without probable cause nor reasonable suspicion, and threatened retaliation against Plaintiff if he did not cooperate and/or divulge information, if any. Then, when Plaintiff did not cooperate nor speak substantively, Lythgoe initiated a criminal proceeding that ended in Plaintiff's favor. As a consequence of the proceeding, Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure. Plaintiff was singled out as a wanted informant and unjustifiably prosecuted.

32. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants retaliate against uncooperative intended confidential informants and/or violate wanted confidential informants 4th & 14th Amendment rights to be free from unlawful stop, search,

seizure and arrest as a mechanism to leverage the threat of criminal prosecution towards obtaining involuntary cooperation.

V.   **Causes of Action**

### COUNT I
### Malicious Prosecution and Selective Enforcement/Prosecution
### (Plaintiff v. Jones, Lythgoe and Priscopo, individually)

33   Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

34.   At the time of Defendants' investigation, stop, arrest, charges, imprisonment, and trial, Plaintiff had not committed any infraction to legally to so justify.

35.   Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

36.   Defendants caused Plaintiff to suffer a malicious prosecution and selective enforcement/prosecution by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

37.   Defendants treated Plaintiff differently from other similarly situated individuals.

38.   Plaintiff was seized from the time he was arrested through the time he was imprisoned.

40.   Defendants did not have probable nor any cause to stop, arrest, search, charge, and/or accuse Plaintiff.

41.   The criminal action terminated in Plaintiff's favor after Plaintiff was found not guilty of all charges in the Delaware County Court of Common Pleas by the Honorable Judge Kevin F. Kelly.

42. Defendants deliberately ignored and failed to advise prosecutors of evidence and accounts of the event that exonerated Plaintiff.

43. Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II
### First Amendment Violation
### (Id.)

44. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

45. The government threatened to retaliate against Plaintiff with criminal prosecution if he did not speak to the police as a confidential informant (and, in fact, did retaliate when Plaintiff was uncooperative).

46. Plaintiff's right not to speak is a protected activity.

47. Defendants caused Plaintiff to suffer a violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT III
### *Monell*
**(Plaintiff v. all entity Defendants and individual Defendants in their official capacities)**

48. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

49. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Borough of Trainer and County of Delaware, which caused violations of Plaintiff's constitutional and other rights as aforesaid.

50.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

51.     Plaintiff suffered harm due to Defendants' conduct.

### VI.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Statutory damages;
   b. Compensatory damages, including;
      i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense, and emotional distress;
      ii. Attorneys' fees and expenses, and costs of suit.
   c. Injunctive relief, including;
      i. Monitoring and training.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Collins<br>1000 Sunset St., Apt. B<br>Marcus Hook, PA 19061 | :<br>:<br>: |
| Plaintiff, | : NO.: 13-7613 |
| v. | : |
| Borough of Trainer d/b/a<br>Trainer Borough Police Department, et al.<br>824 Main Street<br>Trainer, PA 19061 | :<br>:<br>:<br>: |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of April, 2014, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via regular mail, upon the following parties:

Suzanne McDonough, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

Mark Raith, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff