**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR COLLINS, | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 13-7613 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LYTHGOE, JR. and | : | |
| OFFICE OF THE DISTRICT ATTORNEY, | : | |
| DELAWARE COUNTY, et al., | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2014, upon consideration of the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Delaware County d/b/a Office of the District Attorney, and Robert Lythgoe, Jr. ("Delaware County D.A. Defendants"), and any response in opposition thereto, it is **ORDERED** that said Motion to Dismiss is hereby **GRANTED**. Any and all claims asserted against Delaware County D.A. Defendants are hereby **DISMISSED**, with prejudice.

By the Court:

_____
**BAYLSON, U.S.D.J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMAR COLLINS, | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 13-7613 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LYTHGOE, JR. and | : | |
| OFFICE OF THE DISTRICT ATTORNEY, | : | |
| DELAWARE COUNTY, et al., | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

## DELAWARE COUNTY D.A. DEFENDANTS'
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Delaware County d/b/a Office of the District Attorney, and Robert Lythgoe, Jr. ("Delaware County D.A. Defendants") by and through their attorneys, HOLSTEN & ASSOCIATES, hereby file this Motion to Dismiss Plaintiff's First Amended Complaint and in support thereof state as follows:

1.   Plaintiff Lamar Collins filed a Complaint on December 27, 2013.

2.   Following the filing of motions to dismiss, Plaintiff filed a First Amended Complaint on April 14, 2014.  A copy of the First Amended Complaint is attached as Exhibit A.

3.   Plaintiff's Amended Complaint seeks to make a claim under 42 U.S.C. § 1983 against several defendants, including the Delaware County Office of the District Attorney and Robert Lythgoe, Jr., a detective employed by the Delaware County D.A.'s office, relating to Collins' arrest and prosecution on drug charges.

4.   The Amended Complaint includes 3 counts. Count I is a claim for "malicious prosecution and selective enforcement/prosecution"; Count II is a claim for "First Amendment Violations" and Count III is identified only as "Monell."

5.   For all the reasons set forth in the accompanying Memorandum of Law, all of Collins' claims against Delaware County D.A. Defendants should be dismissed.

**WHEREFORE**, Defendants Delaware County, Robert Lythgoe, Jr. and Office of the District Attorney, Delaware County respectfully requests that the above-captioned case be dismissed and that the court enter the attached form of Order.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

By:   */s/ M.A. RAITH / MR6959*
      **MARK ALAN RAITH, ESQUIRE**
      1 S. Olive Street
      Media, PA  19063
      Attorney for Delaware County D.A.
      Defendants

Dated: April 28, 2014

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lamar Collins                                    :
1000 Sunset St., Apt. B                          :
Marcus Hook, PA 19061                            :
                                                 :
        Plaintiff,         :          Civil Action No.:      13-7613
                                                 :
    v.                                     :
                                                 :
Borough of Trainer                               :
d/b/a Trainer Borough Police Department          :
824 Main Street                                  :
Trainer, PA 19061                                :
                                                 :
    And                                    :
                                                 :          **JURY TRIAL DEMANDED**
Richard Jones, individually and in his           :
official capacity as Police Officer for the      :
Trainer Borough Police Department                :
824 Main Street                                  :
Trainer, PA 19061                                :
                                                 :
    And                                    :
                                                 :
Francis Priscopo, individually and in his        :
official capacity as Chief of the Trainer        :
Borough Police Department                        :
824 Main Street                                  :
Trainer, PA 19061                                :
                                                 :
    And                                    :
                                                 :
Delaware County                                  :
d/b/a Office of the District Attorney,           :
Delaware County                                  :
201 West Front Street                            :
Media, PA 19063                                  :
                                                 :
    And                                    :
                                                 :
Robert Lythgoe, Jr., individually and in his     :
Official capacity as Detective for the           :
Office of the District Attorney, Delaware        :
County                                           :

201 West Front Street                                    :
Media, PA 19063                                          :
                                                        :
        And                                     :
                                                        :
John Does 1-10                                           :
                                                        :
        Defendants.                            :

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.  Introduction

Plaintiff was arrested without probable cause nor reasonable suspicion-threatened with charges and imprisonment unless he became an informant for the Borough of Trainer Police Department.  After Plaintiff refused, he was retaliated against by being criminally charged for drugs that were planted.  His case was dismissed in the Delaware County Court of Common Pleas for lack of evidence.  To wit, he was "actually innocent."

### II.  Jurisdiction and Venue

1.  Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331.

2.  Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### III.  Parties

3.  Plaintiff, Lamar Collins, is an adult individual, currently residing at the above captioned address.

4.  Defendant, Richard Jones, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe,

Trainer Borough Police Department, as well as in his official capacity as a Police Officer, acting under color of State law.

5.      Defendant, Francis Priscopo, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe, Trainer Borough Police Department, as well as in his official capacity as Chief of Police, acting under color of State law.  Francis Priscopo is the chief decision maker for the Trainer Borough Police Department.

6.      Defendant, Borough of Trainer, is a municipality located within Defendant, Delaware County, upon information and belief, both doing business as Defendant, John Doe, Trainer Borough Police Department.

7.      Defendant, Delaware County, is a municipality doing business as Defendant, John Doe, Office of the District Attorney, Delaware County.

8.      Defendant, Robert Lythgoe, Jr., is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Defendant, John Doe, Office of the District Attorney, Delaware County, as well as in his official capacity as Detective, acting under color of State law.

9.      Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV.    Operative Facts

10.    On or about October 20, 2012, Plaintiff was driving to his local bank when he was pulled over around 4:30 p.m. near Ridge Road and 9th Street in Trainer, Pennsylvania by Defendant, Police Officer Richard Jones.

11.    Without probable cause nor reasonable suspicion (i.e., Plaintiff had done nothing unlawful nor was Plaintiff believed to have been even perceived likewise by Defendant), Jones ordered Plaintiff out of the car and said that he suspected Plaintiff of dealing drugs – this was not true.

12.    Jones handcuffed Plaintiff and told Plaintiff that he was being detained.

13.    Next, Jones searched Plaintiff's car and found a sandwich bag filled with approximately $2,200. Plaintiff had planned to deposit some of this money at his bank and later meet his landlord and pay his outstanding rent.

14.    Plaintiff was placed in the back of a patrol car.

15.    Police Chief Francis Priscopo then arrived and said to Plaintiff, "We have something on you. We are going to tow your truck and take you to the station to process you." When Plaintiff asked what he had done wrong, Priscopo said, "Officer Jones will explain everything to you. Either you talk or you don't, and we do what we have to do to you."

16.    Priscopo then left the scene while Plaintiff sat in the patrol car for approximately 25 more minutes while the other police officers, Defendants, John Does, talked and smoked cigarettes.

17.    Afterwards, Jones entered the patrol car and repeatedly accused Plaintiff of selling drugs. Plaintiff adamantly denied doing anything wrong.

18.    Then Jones said, "I don't think you understand what's going on. Whether you want it to be or not, I'm telling you I'm going to find something in your truck."

19.     Next, Plaintiff was taken to the Trainer Borough Police Department where his handcuffs were removed. Jones took Plaintiff aside and said, "Now you got to be straight with me – I need something on somebody."

20.     Jones and Plaintiff went back and forth for at least another hour wherein Jones told Plaintiff that Plaintiff needed to consent to a search of his vehicle if Plaintiff wanted his car back. Jones also said that he was going to keep Plaintiff's money if he found anything in the car.

21.     Under duress, Plaintiff involuntarily consented to the search.

22.     Plaintiff and Jones walked to the parking lot of the station when Jones pulled out Plaintiff's bag of money, and then walked over to Plaintiff's car and planted two (2) shopping bags that were not in the Plaintiff's vehicle originally. Jones said, "Here is residue of weed. This bag smells like weed." He showed Plaintiff small pieces of something that looked like a crumb. Jones added, "This is what drug dealers do – reuse bags."

23.     Jones confiscated the approximately $2,200 that was in a bag wrapped up for deposit at Plaintiff's bank. Jones also confiscated the approximately $800 from Plaintiff's pocket. Jones bragged that it was a great deal of money, and said he would give it back if Plaintiff set somebody up. Jones also insisted that Plaintiff do it: "tonight."

24.     Scared and wanting to go home, Plaintiff said he needed time and wanted until the next day to decide.

25.     After several minutes, Jones gave Plaintiff his cell phone number and let Plaintiff go.

26.     Approximately two (2) days later, Plaintiff called Jones and the two spoke for about 20 minutes. Plaintiff told Jones he did not want to be an informant; Jones lectured him as to why he must comply. Plaintiff recorded the conversation.

27.     Plaintiff brought the recording to Defendant, John Doe, Office of the District Attorney, Delaware County, to file a harassment claim against Jones and Priscopo through Defendant, Detective Robert T. Lythgoe, Jr.  In response, Lythgoe informed Plaintiff that the District Attorney would not do anything about Jones, but instead, in retaliation, would bring charges against Plaintiff for drug possession.

28.     Likewise, on or about November 5, 2012, Plaintiff was charged with Use/Possession of Drug Paraphernalia and Intentional Possession of Controlled Substances by Persons Not Registered with the Drug Enforcement Administration.

29.     On or about August 5, 2013, all charges were dismissed in the Delaware County Court of Common Pleas by the Honorable Judge Kevin F. Kelly; a refund of the money seized as the result of Plaintiff's arrest (in the amount of $1,944.10) was ordered.

30.     Plaintiff was and is "actually innocent."

31.     Upon information and belief, Jones and Priscopo arrested and/or coordinated by mutual agreement the stop, search, seizure and arrest of Plaintiff, without probable cause nor reasonable suspicion, and threatened retaliation against Plaintiff if he did not cooperate and/or divulge information, if any.  Then, when Plaintiff did not cooperate nor speak substantively, Lythgoe initiated a criminal proceeding that ended in Plaintiff's favor.  As a consequence of the proceeding, Plaintiff suffered a deprivation of liberty consistent with the concept of a seizure. Plaintiff was singled out as a wanted informant and unjustifiably prosecuted.

32.     The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.  Specifically, Defendants retaliate against uncooperative intended confidential informants and/or violate wanted confidential informants 4th & 14th Amendment rights to be free from unlawful stop, search,

seizure and arrest as a mechanism to leverage the threat of criminal prosecution towards

obtaining involuntary cooperation.

V.      Causes of Action

## COUNT I
### Malicious Prosecution and Selective Enforcement/Prosecution
### (Plaintiff v. Jones, Lythgoe and Priscopo, individually)

33      Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length

herein.

34.     At the time of Defendants' investigation, stop, arrest, charges, imprisonment, and trial,

Plaintiff had not committed any infraction to legally to so justify.

35.     Defendants' actions stated above, *inter alia,* were committed under color of state law and

were violations of Plaintiff's clearly established and well-settled Constitutional and other legal

rights.

36.     Defendants caused Plaintiff to suffer a malicious prosecution and selective

enforcement/prosecution by their wrongful conduct all in violation of the Fourth and Fourteenth

Amendments to the United States Constitution.

37.     Defendants treated Plaintiff differently from other similarly situated individuals.

38.     Plaintiff was seized from the time he was arrested through the time he was imprisoned.

40.     Defendants did not have probable nor any cause to stop, arrest, search, charge, and/or

accuse Plaintiff.

41.     The criminal action terminated in Plaintiff's favor after Plaintiff was found not guilty of

all charges in the Delaware County Court of Common Pleas by the Honorable Judge Kevin F.

Kelly.

42.     Defendants deliberately ignored and failed to advise prosecutors of evidence and accounts of the event that exonerated Plaintiff.

43.     Defendants were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II
### First Amendment Violation
### (Id.)

44.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

45.     The government threatened to retaliate against Plaintiff with criminal prosecution if he did not speak to the police as a confidential informant (and, in fact, did retaliate when Plaintiff was uncooperative).

46.     Plaintiff's right not to speak is a protected activity.

47.     Defendants caused Plaintiff to suffer a violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT III
### *Monell*
### (Plaintiff v. all entity Defendants and individual Defendants in their official capacities)

48.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

49.     Prior to the events described herein, Defendantsdeveloped and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Borough of Trainer and County of Delaware, which caused violations of Plaintiff's constitutional and other rights as aforesaid.

50.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

51.     Plaintiff suffered harm due to Defendants' conduct.

**VI.     Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a.   Statutory damages;
    b.   Compensatory damages, including;
        i.   Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense,  and emotional distress;
        ii.   Attorneys' fees and expenses, and costs of suit.
    c.   Injunctive relief, including;
        i.   Monitoring and training.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lamar Collins                :
1000 Sunset St., Apt. B       :
Marcus Hook, PA 19061      :
                                   :
            Plaintiff,      :     NO.: 13-7613
                                     :
           v.                 :
                                     :
Borough of Trainer d/b/a       :
Trainer Borough Police Department, et al. :
824 Main Street                 :
Trainer, PA 19061           :
                                   :     **JURY TRIAL DEMANDED**
           Defendants.    :

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of April, 2014, a

true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via

regular mail, upon the following parties:

Suzanne McDonough, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

Mark Raith, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

                                     WEISBERG LAW

                                     /s/ Matthew B. Weisberg
                                     Matthew B. Weisberg, Esquire
                                     Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAMAR COLLINS,                      :    Civil Action
                                    :
        Plaintiff,                  :    No. 13-7613
                                    :
        v.                          :
                                    :
                                    :
ROBERT LYTHGOE, JR. and             :
OFFICE OF THE DISTRICT ATTORNEY,    :
DELAWARE COUNTY, et al.,            :    Jury Trial Demanded
                                    :
        Defendants.                 :

## DELAWARE COUNTY D.A. DEFENDANTS'
## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Delaware County d/b/a Office of the District
Attorney, and Robert Lythgoe, Jr. ("Delaware County D.A.
Defendants") by and through their attorneys, HOLSTEN &
ASSOCIATES, hereby file this Memorandum of Law in support of
their Motion to Dismiss Plaintiff's First Amended Complaint, as
follows:

## I.   FACTUAL BACKGROUND

Both the original Complaint and the Amended Complaint filed
by Lamar Collins contain only sparse factual allegations against
Delaware County D.A. Defendants.  The Amended Complaint contains
no additional allegations that would even suggest that Delaware
County D.A. Defendants violated Collins' constitutional rights.

According to Collins, after making a surreptitious and possibly unlawful recording of a telephone conversation he had with Officer Jones of the Trainer Police, he "brought the recording to Defendant, John Doe, of the Office of District Attorney… to file a harassment claim… through Defendant Robert T. Lythgoe, Jr." Amended Complaint at ¶ 27. Detective Lythgoe, according to Collins, "informed" him that "the District Attorney would not do anything about Jones, but instead would bring charges against Plaintiff for drug possession." Amended Complaint at ¶ 27.

## II.  LEGAL ARGUMENT

### A.  STANDARD FOR MOTIONS TO DISMISS

When a motion to dismiss pursuant to Rule 12 (b) (6) is filed, a defendant has the burden of showing that the plaintiff has not stated a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The Supreme Court ruled in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) that a plaintiff's "obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions… a formulaic recitation of the elements of a cause of action will not do." The complaint must contain enough facts "to state a claim to relief that is plausible on its face." Id. at 570.

In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1950–1951 (2009), the Supreme Court identified 2 principles a court must consider in reviewing a motion to dismiss for failure to state a claim: first, although the court must accept as true all of the allegations contained in a complaint, this does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Also, "only a complaint that states a plausible claim for relief survives a motion to dismiss… Determining whether a complaint states a plausible claim for relief will… be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

**B.   <u>COLLINS HAS NO VALID MALICIOUS PROSECUTION OR SELECTIVE ENFORCEMENT CLAIM IN COUNT I</u>**

A plaintiff seeking to prove a claim of malicious prosecution must show (1) that the defendant initiated a criminal proceeding; (2) that ended in plaintiff's favor; (3) the criminal proceeding was initiated without probable cause; (4) that defendant acted maliciously or for a purpose other than bringing the defendant to justice; and (5) that as a consequence of the proceeding, plaintiff has suffered a deprivation of liberty consistent with the concept of a seizure. <u>Kolinka v. Breiner</u>, 557 F. Supp. 2d 581, 591 (M.D. Pa. 2008). <u>See also Johnson v. Knorr</u>, 477 F.3d 75, 81-82 (3d Cir. 2007).

3

However, a malicious prosecution claim also includes another requirement: As the Third Circuit repeated in Hector v. Watt, 235 F. 3d 154 (3d Cir. 2000), "a plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution."

> ... Even if the plaintiff in a malicious prosecution can show that the defendant acted maliciously and without probable cause in instituting a prosecution, it is always open to the defendant to escape liability by showing in the malicious prosecution suit itself that the plaintiff was in fact guilty of the offense with which he was charged...'" (Emphasis added).

Id. at 156.

The exhibits attached to the original complaint, which have been omitted from the Amended Complaint, demonstrate that the criminal prosecution instituted against Collins was dismissed because of a problem with the testing of the substance(s) found in the plastic bag taken from his car by Trainer police (along with nearly $3000 in cash). These documents strongly suggest that notwithstanding Collins' assertion that he is "actually innocent," that there was ample probable cause to arrest him, even if those charges were later dismissed.

Count I of the Amended Complaint also includes a claim for "selective enforcement / prosecution." As several federal courts have noted, these are 2 distinct claims. Dique v. New Jersey State Police, 603 F.3d 181, 188 n. 10 (3d Cir. 2010). A selective enforcement claim may apply to law enforcement

4

officers while selective prosecution applies to prosecutors. Davis v. Malitzki, 451 Fed. Appx. 228, 234 n. 11 (3d Cir. 2011). The Amended Complaint makes no effort to identify how and when each or any defendant committed the transgressions Plaintiff is alleging.  However, the standards for selective enforcement and selective prosecution are "virtually identical." Id. Selective enforcement occurs when (1) there are similarly situated persons against whom "the law was not enforced and (2) the official's conduct is motivated by an "unjustifiable standard." Id.

The Amended Complaint fails to allege or identify any "similarly situated" persons against whom the law was not enforced, nor does it allege that any "unjustifiable standard" motivated the prosecution brought against him.

## C.   COLLINS' FIRST AMENDMENT CLAIM SHOULD BE DISMISSED

The Third Circuit observed in Newman v. Beard, 717 F.3d 775, 781 (3d Cir. 2010) that the Fifth Amendment protects the right not to "be compelled in any criminal case to be a witness against [one]self, while the First Amendment protects, among other things, "the right to refrain from speaking at all." See also Wooley v. Maynard, 430 U.S. 705, 714, 97 S. Ct. 1428 (1977).

It is difficult to conceive how the First Amendment's protection of the "right of freedom of thought" could apply to a criminal defendant's decision not to inform on other criminals.

However, this issue also has no genuine significance in connection with Collins' claims against Delaware County D.A. Defendants. Here, Collins only claim appears to be that after Collins approached Detective Lythgoe with a recording he made of a telephone conversation with Officer Jones, Detective Lythgoe refused to investigate the Officer Jones or the Trainer Police or initiate a criminal prosecution against them.

This claim fails to state a constitutional violation. There is no constitutional right to have another person charged with a crime. See, e.g., United States v. Batchelder, 442 U.S. 114, 124, 99 S. Ct. 2198 (1979).

**D.   DETECTIVE LYTHGOE IS PROTECTED BY QUALIFIED IMMUNITY**

In Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009) the Supreme Court held that the 2—step test to analyze claims of qualified immunity, (1) was a constitutional right violated and (2) if so, was that right "clearly established," is still valid but that the courts may proceed directly to the second step without deciding the first step. See, e.g., McBride v. Cahoone, 820 F. Supp. 2d 623, 636 (E.D. Pa. 2011). There is no ambiguity about the intent of the Pearson ruling: to make the qualified immunity defense more readily available to defendants, earlier in a case, in order to avoid "what may seem to be an essentially academic exercise." 129 S.Ct. at 818.

6

The doctrine of qualified immunity shields government officials performing "discretionary functions" from suit if their conduct did not violate a "clearly established statutory or constitutional right, of which a reasonable person should have known." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).

No matter which prong of the qualified immunity standard is applied first, Detective Lythgoe is entitled to qualified immunity. There are no allegations that suggest that Detective Lythgoe violated Collins' constitutional rights or that he should have known he was doing so.

E.   **COLLINS' MONELL CLAIM SHOULD BE DISMISSED**

The Amended Complaint fails to state a valid Monell claim against Delaware County.

A civil rights suit against a municipality cannot proceed on the basis of respondeat superior. Monell v. Dept. of Social Services, 436 U.S. 658, 690, S. Ct. 2118, 2036 (1978); Watson v. Abington Township, 478 F.3d 144, 155 (3d Cir. 2007). A plaintiff must establish a policy of custom of the municipality caused the constitutional violation. Watson at 155. A policy is established when it is shown that a "decisionmaker possessing final authority to establish a municipal policy with respect to the action" has issued "an official proclamation, policy or edict." Id.

A custom is established when in the absence of a formal statement or policy, it can be shown that a given course of conduct… is so well settled and permanent as virtually to constitute law. Custom is usually established by knowledge and acquiescence in that practice. Under Section 1983, a supervisor may be liable for his failure to train or supervise his employees where "the failure amounts to 'deliberate indifference' to the rights of persons with whom the employees come into contact." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999) quoting City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1198 (1989).

The Amended Complaint includes no factual allegations that would explain why Delaware County or Detective Lythgoe are being sued for a Monell claim. To the extent the Amended Complaint appears to identify the Delaware County Office of the District Attorney as a defendant, those allegations should be dismissed. The Delaware County D.A.'s office is a department of the County of Delaware and is not a proper defendant in a civil rights case because it lacks an identity separate from the County of Delaware. See e.g., Martin v. Red Lion Police Department, 146 Fed Appx. 558, 562 n. 3 (3d Cir. 2005).

## III. CONCLUSION

Delaware D.A. Defendants respectfully request that this Honorable Court grant this Motion to Dismiss Plaintiff's First

Amended Complaint under Rule 12 (b) (6) and enter the proposed form of Order.

                              Respectfully submitted,

                              **HOLSTEN & ASSOCIATES**


                    By:   */s/ M.A. RAITH, MR6959*
                              **MARK ALAN RAITH, ESQUIRE**
                          Holsten & Associates
                          1 S. Olive Street
                          Media, PA 19063
                          (610) 566-8800
                          Attorney for Delaware County D.A.
                          Defendants

Date: April 28, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR COLLINS, | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 13-7613 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LYTHGOE, JR. and | : | |
| OFFICE OF THE DISTRICT ATTORNEY, | : | |
| DELAWARE COUNTY, et al., | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Motion to Dismiss Plaintiff's First Amended Complaint and its accompanying Memorandum of Law were filed electronically on April 28, 2014 and are available for viewing and downloading from the ECF system. Service on counsel of record has also been made via First Class United States Mail, postage prepaid, U.S. Mail, addressed as follows:

Matthew B. Weisberg, Esquire          Suzanne McDonough, Esquire
WEISBERG LAW, P.C.                     HOLSTEN & ASSOCIATES
7 S. Morton Street                     1 S. Olive Street
Morton, PA 19070                       Media, PA 19063

This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

Dated: April 28, 2014          **By:** _____MR6959_____
                                    **MARK ALAN RAITH, ESQUIRE**