IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR COLLINS | : |
|     Plaintiff | : Civil Action No. 13-7613 |
| vs. | : JURY TRIAL DEMANDED |
| BOROUGH OF TRAINER<br>    AND<br>FRANCIS PIRSCOPO<br>    AND<br>DELAWARE COUNTY D/B/A/ TRAINER<br>BOROUGH POLICE DEPARTMENT<br>    AND<br>ROBERT LYTHGOE, JR.<br>    AND<br>DELAWARE COUNTY, OFFICE OF<br>THE DISTRICT ATTORNEY, DELAWARE<br>COUNTY<br>    AND<br>JOHN DOES 1-10 | : |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of the Motion to Dismiss Plaintiff's First Amended Civil Action Complaint on behalf of Defendants Borough of Trainer, Police Chief Francis Priscopo and Richard Jones pursuant to Federal Rule of Procedure 12(b)(6), and any response of Plaintiff thereto, it is hereby **ORDERED and DECREED** that all Fourteenth Amendment claims are dismissed and further that Count I, Selective Enforcement claim, is dismissed as to defendants Jones and Priscopo; Count II, First Amendment claim, is dismissed as to the defendant Borough and defendants Jones and Priscopo, and the municipal liability claim in Count III against the Borough is dismissed with prejudice as are all claims for injunctive relief.

BY THE COURT:

_____
MICHAEL M. BAYLSON,   J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR COLLINS | : | |
| Plaintiff | : | Civil Action No. 13-7613 |
| vs. | : | JURY TRIAL DEMANDED |
| BOROUGH OF TRAINER | : | |
| AND | : | |
| FRANCIS | : | |
| AND | : | |
| DELAWARE COUNTY D/B/A/ TRAINER BOROUGH POLICE DEPARTMENT | : | |
| AND | : | |
| ROBERT LYTHGOE, JR. | : | |
| AND | : | |
| DELAWARE COUNTY, OFFICE OF THE DISTRICT ATTORNEY, DELAWARE COUNTY | : | |
| AND | : | |
| JOHN DOES 1-10 | : | |

## MOTION OF DEFENDANTS BOROUGH OF TRAINER, POLICE CHIEF FRANCIS PRISCOPO AND RICHARD JONES MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)

Moving Defendants, Borough of Trainer, Police Chief Francis Priscopo and Richard Jones move this Honorable Court to dismiss certain of Plaintiff's claims in the First Amended Complaint in their entirety and, in support thereof, aver the following:

For the reasons that follow in the Memorandum of Law, attached hereto and incorporated herein by reference, the moving Defendants respectfully request that the Motion to Dismiss be granted and the proposed Order entered or such alternative relief be granted under Rule 12((e) as the Court deems appropriate. Oral argument is requested.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

**BY:**     SMM2371
_____
**SUZANNE MCDONOUGH, ESQUIRE**
**Attorney for above named Defendants**
**Borough of Trainer, Police Chief Francis**
**Priscopo and Richard Jones**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR COLLINS : | |
| : | |
| Plaintiff : | Civil Action No. 13-7613 |
| : | |
| vs. : | JURY TRIAL DEMANDED |
| : | |
| BOROUGH OF TRAINER : | |
| AND : | |
| FRANCIS PRISCOPO : | |
| AND : | |
| DELAWARE COUNTY D/B/A/ TRAINER : | |
| BOROUGH POLICE DEPARTMENT : | |
| AND : | |
| ROBERT LYTHGOE, JR. : | |
| AND : | |
| DELAWARE COUNTY, OFFICE OF : | |
| THE DISTRICT ATTORNEY, DELAWARE : | |
| COUNTY : | |
| AND : | |
| JOHN DOES 1-10 : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BOROUGH OF TRAINER, FRANCIS PRISCOPO AND OFFICER RICHARD JONES 'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)**

I.  **INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiff filed his initial Complaint on December 27, 2013. Thereafter, plaintiff requested leave of this Court to file an Amended Complaint, a requested granted by the Court by Order dated April 9, 2014 at docket #16. Thereafter, Plaintiff filed a First Amended Complaint, now the operative pleading, on April 14, 2014 at docket #17, a copy of which is attached hereto as Exhibit "A."

The three Count First Amended Complaint charges in Count I all individual defendants with malicious prosecution and selective enforcement; in Count II a First Amendment claim

which appears to be against the individual defendants only and a municipal liability claim in Count III against the Borough of Trainer.

The First Amended Complaint asserts a cause of action against the Borough of Trainer and Police Chief that allegedly arose on November 5, 2012 when he was arrested and then subsequently charged with Use/Possession of Drug Paraphernalia and Intentional Possession of Controlled Substances by Persons Not Registered with the Drug Enforcement Administration. (First Amended Complaint ¶ 28). The charges appear to have resulted from plaintiff being stopped by Officer Jones on October 20, 2012 and allegedly being in possession of some form of narcotics at the time. (First Amended Complaint ¶ 11,17,22    Plaintiff in the First Amended Complaint seeks compensatory damages as well as injunctive relief.

**II.    FACTS**

According to the Complaint, on October 20, 2012, plaintiff was driving to his local back when he was pulled over in Trainer near Ridge Road and 9th by Trainer Police Officer Richard Jones who ordered him out of the car. (First Amended Complaint ¶ 10, 11) He was told that he was suspected of dealing drugs, handcuffed and told he was to be detained. (First Amended Complaint ¶ 11,12)  The vehicle was allegedly searched by Jones who found a sandwich bag filled with money and plaintiff was placed in back of a patrol car. (First Amended Complaint ¶ 13,14)  Trainer Borough Chief Priscopo then arrived at the scene and said to plaintiff that we have something on you and are going to tow your truck and take you in for processing. (Amended Complaint ¶ 15) He allegedly was told by Priscopo that Officer Jones will explain everything to you and either you talk or you don't talk. (Amended Complaint ¶ 15) Priscopo left the scene and plaintiff remained there for 25 minutes while other Officers talked and smoked cigarettes. (First Amended Complaint ¶ 16)  Officer Jones then entered patrol car and

repeatedly accused plaintiff of selling drugs hoping for an admission of guilt. (First Amended Complaint ¶ 17) Jones told him he was going to find something in the truck. (First Amended Complaint ¶ 18) Plaintiff was taken to Trainer Borough where his handcuffs were removed and Officer Jones took him aside and said now you got to be straight with me – I need something on somebody. (First Amended Complaint ¶ 19) Jones and plaintiff went back and forth for another hour and Jones told plaintiff that he needed to consent to search of vehicle if he wanted car back and Jones said he was going to keep money if he found anything in the car. (First Amended Complaint ¶ 20) Finally, plaintiff under duress allegedly consented to search. (First Amended Complaint ¶ 20-21) Plaintiff and Jones walked to parking lot of station, Jones pulled out the bag of money and planted two shopping bags that were not in the bag originally, and Officer Jones said there is residue of weed and the bag smells like weed and showed plaintiff and he saw something looked like a crumb. (First Amended Complaint ¶22) Officer Jones confiscated approximately $2200 from the bag and another $800 from his pocket and Officer Jones told him he'd give the money back if plaintiff would set somebody up. (First Amended Complaint ¶ 23) Scared and needing time asked for time until the next day to decide. (First Amended Complaint ¶24) Officer Jones gave plaintiff his cell phone # and then let him go. (First Amended Complaint ¶ 25)

    Two days later, plaintiff called Officer Jones and they spoke for 20 minutes and plaintiff told Jones he didn't want to be an informant and Jones lectured him about why he must comply. (First Amended Complaint at ¶ 26) Plaintiff surreptitiously recorded the conversation and brought a recording of this call to the D.A.'s office to file a harassment claim (First Amended Complaint ¶ 26,27) At the D.A.'s office, Collins was allegedly told by Detective Lythgoe that the District Attorney would not do anything about Officer Jones but would instead bring charges

against plaintiff for drug possession. (First Amended Complaint ¶ 27). On or about November 5, 2012, plaintiff was charged with use/possession of drug paraphernalia and possession of controlled substances by persons not registered. (First Amended Complaint ¶ 28) On or about August 5, 2013, all charges against plaintiff were dismissed by Judge Kevin F. Kelly who Ordered that $1994.10 of the seized money returned. (First Amended Complaint ¶ 29). Plaintiff alleges that he is "actually innocent." (First Amended Complaint, ¶30)

There are no facts asserted in support of the municipal liability claim or supervisory liability claim against Priscopo or Jones asserted to be against all entity defendants and individual defendants in their official capacities, and the sum and substance of the claims are found in paragraphs 5 in which Chief Priscopo is alleged to be the "chief decision maker for the Trainer Borough Police Department and in paragraph 49 of the first Amended Complaint which states:

"49. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Borough of Trainer and County of Delaware which caused violations of Plaintiff's constitutional and other rights as aforesaid." Plaintiff states further in paragraph 50 that "The above described acts or omissions of defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein."

### III. <u>STANDARD OF REVIEW</u>

The Federal Rules of Civil Procedure provide for the dismissal of an action for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b) (6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of

4

Plaintiff's Complaint. <u>Sturm vs. Clark</u>, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." <u>Unger vs. National Residence Matching Program</u>, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

Dismissal is appropriate on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir.2008). It is well settled that a Complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While the Court will accept well pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." <u>Morse vs. Lower Merion School District</u>, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n) (8).

## IV. ARGUMENT

### A. PLAINTIFFS CLAIMS AGAINST MOVING DEFENDANT POLICE CHIEF FRANCIS PRISCOPO MUST BE DISMISSED

The only reference to Chief of Police Francis Priscopo in the entire First Amended Complaint from a factual standpoint is the allegation that on October 20, 2012, the Chief came onto the scene where plaintiff was already in the back of a patrol car and said to plaintiff, "We have something on you. We are going to tow your truck and take you to the station to process you" and when Plaintiff asked what he had done, is alleged to have said, "Officer Jones will explain everything to you. Either you talk or you don't, and we do what we have to do to you" and then left the scene. (First Amended Complaint ¶15). There is no factual allegation that Chief Priscopo was involved in the arrest itself, made any decision concerning prosecution or took any other action against plaintiff or was involved in any later stage of the case and he is sued in his individual as well as official capacity. Plaintiff makes a legal conclusion without a factual predicate in paragraph 31 that "Upon information and belief, Jones and Priscopo arrested and/or coordinated by mutual agreement the stop, search, seizure and arrest of Plaintiff, without probable cause nor reasonable suspicion, and threatened retaliation against Plaintiff if he did not cooperate and/or divulge information, if any. Plaintiff then alleges that defendant Lythgoe initiated the criminal proceeding.

Notably the claim is malicious prosecution and selective enforcement against Priscopo in Counts I and II and there are no facts that Priscopo was involved in any prosecutorial decision or gave any information for prosecutors nor any facts that he selectively made any decisions or recommendations with respect to the prosecution or arrest. The allegations in the First Amended Complaint thus fail to allege that any of the conduct of Chief Priscopo resulted in a constitutional deprivation.

6

First, the official capacity claims against Chief must fail because a suit against a government official named in an official capacity is a suit against the entity the individual represents. Hafer v. Melo, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Plaintiff's claims against Police Chief Priscopo in his official capacity pursuant to § 1983 must also be dismissed with prejudice because these claims are viewed as claims against the Borough. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . . It is not a suit against the official personally, for the real party in interest is the entity." (internal citations omitted)); Monell, 436 U.S. at 691 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Second, there are no allegations in this case, other than what is previously mentioned and is woefully insufficient to state a claim that Police Chief Priscopo had any personal involvement in the arrest or prosecution in this case and indeed all that is alleged is that Jones would explain everything to the plaintiff. Indeed, the Complaint appears to attempt to charge the Chief with vicarious and respondeat superior liability which is an impermissible basis upon which to premise supervisory liability. The United States Supreme Court has held that liability under 42 U.S.C. § 1983 is individual and requires evidence of personal involvement in a constitutional violation. Rizzo v. Goode, 423 U.S. 363 (1976). Liability must be based upon personal involvement on the part of a Defendant, and respondeat superior is generally insufficient to show personal involvement. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir.1997) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)) as cited in Brown v. Brown, 2008 WL 650021, 4 (E.D.Pa., 2008.) Clearly to sustain a cause of action, a government official is liable only for his or her own conduct and must have had personal involvement in the alleged

7

unconstitutional activity. See Arguesta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71 (3d Cir. 2011.) A §1983 lawsuit may not proceed against a governmental official in his individual capacity unless the plaintiff alleges that the defendant personally violated the plaintiff's rights. Evancho v. Fisher, 423 F.3d 347, 353-43 (3d Cir. 2005).

As a matter of Pennsylvania state law, the Chief is not a final policymaker. See Santiago v. Warminster Twp., 629 F.3d 121, 135 n.11 (3d Cir. 2010)). Claims based upon supervisory liability should fail and there is no articulated basis for plaintiff's claim that the Police Chief's statement having arrived on the scene after the fact supports a theory that there was some alleged "mutual agreement" Paragraph 31 states conclusions of law absent factual predicate and the claims against the chief should be dismissed. Further to prevail on a selective-enforcement theory, a plaintiff must establish "(1) that persons similarly situated were not prosecuted and (2) that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor." Dique v. N.J. State Police, 603 F.3d 181, 184 (3d Cir. 2010). There are no such allegations in this case. Finally, there is no averment that Chief Priscopo had any involvement in any allegedly retaliatory prosecution of plaintiff and there are no facts set out which could conceivably support such involvement.

Therefore, the claims against Chief Priscopo in his official as well as individual capacity in Counts I through V should be dismissed.

### B. CLAIMS AGAINST OFFICER JONES IN HIS OFFICIAL CAPACITY AND FOR SELECTIVE ENFORCEMENT AND UNDER THE FIRST AMENDMENT SHOULD BE DISMISSED

The reasons stated above in support of the Motion to Dismiss the Amended Complaint against Chief Priscopo apply equally to the same claims against Officer Jones. All claims of official capacity should be dismissed as well as those alleging selective enforcement.

### C. CLAIMS UNDER THE FOURTEENTH AMENDMENT AS TO MOVING DEFENDANTS SHOULD BE DISMISSED

The First Amended Complaint asserts a cause of action under 42 U.S.C. §1983 against moving defendants under the 14th Amendment (paragraphs 32 and 43)  There are no facts set forth in the First Amended Complaint that would support a claim for a violation of the Fourteenth Amendment nor any suggestion of any procedural or substantive due process claim. To the extent that plaintiff is attempting to assert a procedural or substantive due process claim based upon his prosecution, such claims would be subsumed by the Fourth Amendment. See Baker v. McCollan, 443 U.S. 137, 142 (1979); Gerstein v. Pugh, 420 U.S. 103, 125 (1975).

### D. FIRST AMENDMENT CLAIMS SHOULD BE DISMISSED AGAINST MOVING DEFENDANTS

There is also no factual predicate to support a first Amendment claim in this case. against moving defendants.  Although the Third Circuit has recognized that a conspiracy by government officials to "cover up" wrongful conduct may violate fundamental constitutional rights when the cover up obstructs the victim's right of access to the courts there is no such claim here. . See, e.g., Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002).

There is no allegation that Officer Jones or Chief Priscopo interfered with plaintiff's ability to defend himself in court or deprived him of any access to the Court system, and indeed the First Amended Complaint evidences appropriate mechanisms utilized by the Commonwealth in determining the processing and outcome of the  criminal proceedings against the plaintiff. Indeed, the facts set forth in the First Amended Complaint state that it was not moving defendants who caused the arrest but rather a District Attorney detective and there are no factual allegations that this was based upon a conspiracy. Therefore, this claim should be dismissed.

### E. PLAINTIFF FAILS TO STATE A VIABLE MUNICIPAL LIABILITY CLAIM AGAINST THE BOROUGH

The First Amended Complaint fails to state a municipal liability claim against the Borough of Trainer as a matter of law in Count III. Reading the Complaint in the light most favorable to the plaintiff, the only potential claim against the Borough is in Count III which states that it is a Monell claim presumably under Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978) in Count VI.

It is well settled that a claim brought under the rubric of Monell v. Dep't of Soc. Servs. of City of New York, supra. may not simply rely on a theory of respondeat superior to impose liability on municipalities. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. "Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006).

In order to state a cause of action against the municipality under § 1983, a plaintiff must show: (1) a deprivation of a federal right, City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); (2) a relevant policy or custom attributable to the municipality, Monell, 436 U.S. at 691; and (3) "a direct causal link" between the municipal action and the deprivation of the federal right, Bd. of Cnty. Comm'rs of Bryan Cnty., Okl., v. Brown, 520 U.S. 397, 404 (1997).

The law of the Third Circuit requires pleadings in § 1983 claims to meet only the pleading requirements of Rule 8(a)(2). Loftus v. Southeastern Pennsylvania Transportation Authority, 843 F.Supp. 981, 985 (E.D. Pa. 1994) (Robreno, J.). Therefore, Plaintiff must plead factual allegations, which raise a right to relief above the speculative level. Twombly, 127 at

1965. Here, plaintiff's factual allegations do not establish any facts or details regarding what comprises the governmental policy or custom at issue, let alone how it has caused the alleged constitutional violations. Plaintiff's allegations are limited to the general statements that the actions were taken pursuant to an official municipal policy or custom. (Compl. ¶¶ 32, 49-50.) While plaintiff alleges that it is a custom, policy and or practice to retaliate against uncooperative intended confidential informants and/or violate wanted confidential informants to leverage a threat of criminal prosecution toward obtaining involuntary cooperation, here the plaintiff states flatly that the arresting Officer let him go and that he was only arrested by a County detective after he secretly recorded a conversation with the arresting Officer purportedly made to the Officers cell phone. There are no facts that would support any custom, practice or policy as alleged in conclusory form in this pleading. This Court need not credit these bald assertions and legal conclusions. Kost, 1 F.3d at 183. In the instant case, Plaintiff's allegations lack fail to articulate sufficient facts to comply with the mandates of Twombly and its progeny.

Where, as here, the conclusory averments are insufficient to state a Monell claim, such claims must be dismissed with prejudice.

### F. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED

To order to survive a motion to dismiss a claim for equitable injunctive relief plaintiff may not simply rely only upon a past injury, but must allege that it is still accompanied by present adverse effects; i.e., the injury sustained from the challenged conduct is still ongoing." Durham v. City & County of Erie, 171 Fed. Appx. 412, 414 (3d Cir. 2006). A plaintiff can establish standing "if 'he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury must be both

real and immediate.'" Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)). Further, a request for declaratory relief seeking merely a declaration that defendants violated a plaintiff's constitutional rights in the past is not a justiciable "case or controversy." Martin v. Keitel, 205 Fed. Appx. 925, 928 (3d Cir. 2006). It is clear that a party seeking equitable relief must "allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Id. (quoting Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003)).

Here, plaintiff has not argued or set forth any facts to substantiate any claim that he faces an alleged repeat of his alleged injuries in the future and the claim is entirely premised on what happened in 2012. Plaintiff has not properly pled entitlement to injunctive relief as it is well settled that an injunction will not issue absent a showing that (1) the moving party will be irreparably injured by the denial of injunctive relief; (2) the granting of the permanent injunction will not result in even greater harm to the defendant; and (3) the injunction would be in the public interest. See Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001). This pleading is devoid of any facts that would support a claim for injunctive relief as a matter of law.

## IV.    CONCLUSION

For the reasons which are set forth more fully above, moving Defendants, Borough of Trainer, Police Chief Francis Priscopo and Officer Richard Jones request that the Court grant the Motion and dismiss the action against the moving defendants with prejudice or grant such alternative relief as is requested in the Motion to Dismiss the First Amended Complaint

presented to the Court herein or as the Court finds just and warranted under the circumstances.

                                                Respectfully submitted,
                                                **HOLSTEN & ASSOCIATES**

**BY:**     __SMM2371_____
            **SUZANNE MCDONOUGH, ESQUIRE**
            **Attorney ID No. 29394**
            **One Olive Street**
            **Media, PA 19063**
            **(610) 627-8307**
            **Attorney for moving Defendants**

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants **Borough of Trainer, Police Chief Francis Priscopo and Officer Richard Jones**, hereby states that a true and correct copy of the within **Motion to Dismiss the First Amended Complaint and Memorandum of Law in Support of same** was served upon the following individual <u>**via electronically**</u> or United States First Class Mail, this 28th day of April, 2014.

>MATTHEW B. WEISBERG, ESQ.
>WEISBERG LAW PC
>7 SOUTH MORTON AVE
>MORTON, PA 19070
>**Attorney for Plaintiff**
>
>MARK ALAN RAITH, ESQ.
>HOLSTEN & ASSOCIATES
>ONE OLIVE STREET
>MEDIA, PA 19063
>**Attorney for Robert Lythgoe, Jr. and the County of Delaware**
>
>Respectfully submitted,
>**HOLSTEN & ASSOCIATES**
>
>SMM2371
>
>_____
>**Suzanne McDonough, ESQUIRE**
>**Attorney ID No. 29394**
>**One Olive Street**
>**Media, PA  19063**
>**(610) 627-8307**
>**Attorney for above-named Defendants,**
>**Borough of Trainer, Police Chief Francis and Officer Richard Jones**