IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAMAR COLLINS<br><br>    v.<br><br>BOROUGH OF TRAINER, et al. | CIVIL ACTION<br><br>NO. 13-7613 |
|---|---|

MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                                                                                                   June 27, 2014

Plaintiff brings civil rights claims against several police officers, district attorneys, and government entities for his detention, arrest, and prosecution on drug charges after he refused to act as a police informant. Defendants move to dismiss the complaint.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff brings claims against Police Officer Richard Jones, Chief of Police Francis Priscopo, Detective Robert Lythgoe Jr. alleged to be an employee of the District Attorney of Delaware County, the Borough of Trainer, Delaware County and ten John Does alleged to be agents "or employees of Co-Defendant." Plaintiff alleges the following facts in his complaint.

On October 20, 2012, Plaintiff was driving his car in the Borough of Trainer when Jones pulled him over. Complaint ¶10. Jones ordered Plaintiff out of the car, and told him that Jones suspected Plaintiff of dealing drugs. Complaint ¶11. Plaintiff was handcuffed and Jones searched Plaintiff's car. Complaint ¶¶12-13. After Jones found a sandwich bag with $2,200 in cash in Plaintiff's car, he placed Plaintiff in the back of the patrol car. Complaint ¶¶13-14.

Chief of Police Priscopo then arrived on the scene and allegedly said to Plaintiff, "We "have something on you. We are going to tow your truck and take you to the station to process

1

you." Complaint ¶15.  Plaintiff was taken to the Trainer Borough Police Department where Jones told Plaintiff he needed to consent to a search of his vehicle if he wanted his truck back, and Plaintiff consented under duress. Complaint ¶¶19-21.

Jones searched the truck located in the police station parking lot, and found two shopping bags Jones said "smell[ed] like weed" and had "residue of weed."  Plaintiff avers these bags were not originally in his car.  Complaint ¶22.

Jones confiscated the $2,200 he found in the sandwich bag and another $800 recovered from Plaintiff's pocket.  Complaint ¶23.  Jones told Plaintiff that he needed information on another person, and asked Plaintiff to help "set somebody up." Complaint ¶23.  Jones said he would return Plaintiff's money if Plaintiff cooperated. Complaint ¶23.  Plaintiff said he needed to think about it, and Jones gave Plaintiff his cell phone and let him go.  Complaint ¶¶24-25.

Two days later Plaintiff called Jones and told him he did not want to be an informant. Jones told Plaintiff he must comply. Complaint ¶26.  Plaintiff recorded the conversation. Complaint ¶26.  Plaintiff brought his recording to the District Attorney of Delaware County and sought to file a harassment complaint against Jones and Priscopio with Detective Lythgoe. Complaint ¶27.  Lythgoe responded that the DA would not do anything about the officers, but would file drug possession charges against Plaintiff in retaliation.  Complaint ¶27.

Plaintiff was charged on November 5, 2012 with possession of drug paraphernalia and possession of controlled substances that were later dismissed by the Delaware County Court of Common Pleas.  Complaint ¶¶28-29.

Plaintiff brings claims against Jones, Lythgoe, and Priscopio for malicious prosecution and selective enforcement and for First Amendment retaliation. (ECF No. 1). Plaintiff also

brings a Monell claim against the Borough of Trainer, the County of Delaware and individual defendants acting in their official capacity.

Plaintiff filed an amended complaint (Complaint) on March 19, 2014. (ECF No. 14). Defendants Delaware County and Lythgoe filed a motion to dismiss Plaintiff's amended complaint on April 28, 2014. (ECF No. 18). Defendants Borough of Trainer, Priscopo, and Jones also moved to dismiss Plaintiff's amended complaint on April 29, 2014. (ECF No. 19). Plaintiff filed a response to both motions on June 5, 2014. (ECF No. 26).

## II. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

## III. ANALYSIS

### A. Malicious Prosecution

To state a claim for malicious prosecution a plaintiff must allege that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant

initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). The Third Circuit has also required a plaintiff to show he is "innocent of the crime charged in the underlying prosecution." Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) ("This requirement can bar recovery even when the plaintiff was acquitted in the prior criminal proceedings, for a verdict of not guilty only establishes that there was not proof beyond a reasonable doubt."); see also Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002) (same).

Plaintiff's allegations in his Complaint support each element of the claim. First, Plaintiff alleged Defendants initiated a criminal prosecution against him, and that prosecution ended in his favor. Complaint at ¶ 37. Second, Plaintiff alleged he was stopped, arrested, charged, imprisoned and prosecuted without probable cause because Defendants wanted Plaintiff to act as an informant, a purpose other than bringing him to justice. Complaint at ¶ 40. Third, Plaintiff alleges he was arrested and imprisoned, which is a deprivation of liberty. Complaint at ¶ 38. Finally the Complaint alleges Plaintiff is actually innocent of the drug possession charges. Complaint at ¶ 30.

Although the police officer defendants did not personally initiate the prosecution, the Complaint alleges the Priscopo and Jones "failed to advise prosecutors" of exculpatory evidence, and that Lythgoe "initiated a criminal proceeding." Complaint at ¶¶ 31 & 42. "A police officer can be held liable for malicious prosecution if he 'fails to disclose exculpatory evidence to prosecutors, makes false or misleading reports to the prosecutor, omits material information from the reports, or otherwise interferes with the prosecutor's ability to exercise independent judgment in deciding whether to prosecute.'" Cooper v. City of Chester, No. 11-5381, 2013 WL 925067,

at *3 (E.D. Pa. Mar. 11, 2013) (quoting Milbourne v. Baker, No. 11–1866, 2012 WL 1889148, at *11 (E.D. Pa. May 23, 2012)).  Accordingly, none of the individual defendants are entitled to qualified immunity and Defendants' motion to dismiss Plaintiff's claim for malicious prosecution is denied.

**B. Selective Enforcement/Prosecution in Violation of Substantive Due Process**

"A State's enforcement of its criminal laws must comply with the principles of substantial equality and fair procedure that are embodied in the Fourteenth Amendment." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435 (1988) (holding the right to criminal defense counsel applies to every defendant).  "To establish a selective enforcement claim, [a plaintiff] must show (1) that [he] was treated differently from another, similarly situated [person], and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right.'"  Jewish Home of E. PA v. Centers for Medicare & Medicaid Servs., 693 F.3d 359, 363 (3d Cir. 2012) (quoting Dique v. N.J. State Police, 603 F.3d 181, 184 n. 5 (3d Cir. 2010) (denying a petition to review the Department of Health and Human Services' imposition of sanctions for failure to comply with Medicare and Medicaid regulations).

The Third Circuit requires a plaintiff to show a "discriminatory purpose, not mere unequal treatment or adverse effect."  Id.  Quoting Judge Learned Hand, the Third Circuit explained "that 'if a complaint charges a state officer, not only with deliberately misinterpreting a statute against the plaintiff, but also with purposely singling him out alone for that misinterpretation,' then plaintiff's complaint may not be dismissed for failure to state a claim upon which relief can be granted." Holder v. City of Allentown, 987 F.2d 188, 198 (3d Cir.

1993) (quoting Burt v. City of New York, 156 F.2d 792 (2d Cir. 1946)) (reversing the district court's dismissal of the plaintiff's First Amendment and due process claims).

Plaintiff alleges that he was treated "differently from other similarly situated individuals," and that Defendants deprived him of his constitutional rights." Complaint at ¶¶ 37 & 36. Plaintiff does not plead any facts supporting his conclusion that he was treated differently from others. Even if this pleading was not conclusory, Plaintiff does not allege that he was treated differently on the basis of race, religion, or some other arbitrary factor, nor that Defendants had a discriminatory purpose. Accordingly, the Complaint does not state a claim for selective enforcement.

**C. First Amendment Retaliation**

"To state a First Amendment retaliation claim, a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006).

The Supreme Court has held "the right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all." Wooley v. Maynard, 430 U.S. 705, 714 (1977) (affirming the district court's injunction prohibiting the government from prosecuting the plaintiffs for covering up the New Hampshire state motto printed on their noncommercial vehicle license plate). "Government action that . . . requires the utterance of a particular message favored by the Government . . . contravenes th[e] essential right" to refrain from speaking protected by the First Amendment. Turner Broad. Sys., Inc. v. Fed. Commc'ns Comm'n, 512 U.S. 622, 641 (1994).

Only one other case has considered whether refusal to cooperate with the police is a protected activity for the purposes of First Amendment retaliation claim.  In a cursory discussion, the Eastern District of California held, "[r]efusal to become an informant is not a protected First Amendment activity." Ayala v. Harden, Civ. No. 12-00281, 2012 WL 4981269, at *2 (E.D. Cal. Oct. 17, 2012) (dismissing the complaint for failure to state a claim).

The allegation of prosecution in retaliation for refusal to cooperate is more commonly framed as a claim for vindictive prosecution. In a factually-similar case, a criminal defendant challenged his conviction because the state assistant district attorney told him that if he did not cooperate with the police investigation, the ADA would refer the defendant to federal authorities for prosecution on gun possession violations.  United States v. Oliver, 787 F.2d 124, 125 (3d Cir. 1986).  The Third Circuit held this did not violate the defendant's constitutional rights because, under the Supreme Court ruling in Bordenkircher v. Hayes, 434 U.S. 357 (1978), prosecution for failure to cooperate is the result of a plea bargain and is permissible provided the defendant is informed of his rights.  Id. at 126.  But, the defendant in Oliver brought his claims under the Fifth Amendment rights to procedural due process, alleging vindictive prosecution.

Here Plaintiff does not allege that he was required to utter a particular message.  Rather, the Complaint alleges he was prosecuted in retaliation for refusing to cooperate with a police investigation of other drug trafficking suspects.  Plaintiff does have a right against compelled government speech. However, cases where criminal suspects have successfully plead claims for prosecution as a result of their refusal to cooperate were brought as due process claims for vindictive prosecution, not First Amendment retaliation claims.  Plaintiff does allege he was arrested and charged without probable cause, but has not alleged a due process claim under the Fourteenth Amendment for vindictive prosecution.

**D. Municipal Liability**

A municipality cannot be liable for the actions of their employees under the theory of respondeat superior, but can be liable for constitutional violations when they are the result of an official policy, custom or failure to train. Monell v. City of New York City Dep't of Social Servs., 436 U.S. 658 (1978). A policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." Id. at 690. A custom is an act "that has not been formally approved by an appropriate decision-maker, but that is so widespread as to have the force of law." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003). A plaintiff must show the policy was the cause of the constitutional deprivation. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997).

Plaintiff alleged "Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons . . . which caused violations of Plaintiff's constitutional and other rights as aforesaid." Complaint at ¶49. Plaintiff does not allege any facts supporting the existence of a policy or practice. None of the facts identify what official policy resulted in Plaintiff's constitutional deprivations, or any similar conduct that could support an official practice. Accordingly, Plaintiff's Complaint only pleads conclusory allegations which are insufficient to state a Monell claim. Plaintiff shall be granted leave to amend his Complaint to plead particular facts supporting the existence of a policy or practice that resulted in the deprivation of his constitutional rights.

**E. Injunctive Relief**

Defendants contend the Complaint does not allege an adequate basis to afford injunctive relief, because it does not allege any facts showing a substantial likelihood of injury in the future.

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (holding the failure to allege ongoing harm deprived the complaint of a case or controversy). "In order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice.'" Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)) (internal alterations omitted) (holding the failure to plead facts showing a likelihood or immediate threat of future harm results in lack of standing to bring claims for injunctive relief).

The Complaint is devoid of facts showing a real and immediate threat that Plaintiff would again be subject to constitutional deprivations. Thus Defendants' motion to dismiss his claim for injunctive relief should be granted, but Plaintiff is granted leave to amend.

## IV.  CONCLUSION

Defendants' motion to dismiss Plaintiff's claim for malicious prosecution is denied. Defendants' motion to dismiss Plaintiff's claims for selective enforcement, for First Amendment retaliation, municipal liability, and injunctive relief is granted without prejudice. Plaintiff is granted leave to amend his Complaint.

O:\CIVIL 13\13-7613 collins v. borough of trainer\13cv7613.memo.mtd.docx